THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEDRO LUIS CORCHADO, Appellant.— GREENBLOTT, J. Appeal from an order of the County Court of Sullivan County, entered October 11, 1968, which denied, after a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered February 9, 1959. Respondent, having been indicted for murder in the first degree, was permitted to plead guilty to a reduced charge of murder in the second degree, and was sentenced to 30 years to life. He now contends that the publicity attending his prosecution prevented him from receiving a fair trial, and was in violation of his rights under the due process clause. His position is that there was a continuous bombardment by the news media of facts and comments concerning the crime, resulting in the creation of an atmosphere in Sullivan County which made a fair and impartial trial impossible, and that the sole reason he entered a plea of guilty to murder in the second degree was that the publicity made it impos-

sible for him to obtain an acquittal at the hands of a Sullivan County jury. At the hearing in Sullivan County Court, the two attorneys who represented appellant from the time of arraignment to sentence testified that the adverse publicity was not a prime concern in their recommendation to appellant that he plead guilty. Instead they stated that it was the facts which the prosecution could produce and the nature of the crime which induced their conclusion that appellant would be well advised to plead guilty to a reduced charge, since he was faced with the death penalty in the event of conviction of murder in the first degree. We find it significant that appellant's attorneys never considered that the effect of the publicity was such that a motion for a change of venue was indicated. (See *Stroble* v. *California*, 343 U. S. 181.) An examination of the newspaper articles which were admitted in evidence at the hearing, reveals factual accounts of a very brutal crime, where an elderly woman was raped and killed, as well as routine recital of the various court proceedings which followed the arrest of the defendant. Order affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.